UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA, STATE OF
CALIFORNIA, STATE OF DELAWARE, STATE
OF FLORIDA, STATE OF HAWAII, STATE OF
ILLINOIS, STATE OF LOUISIANA,
COMMONWEALTH OF MASSACHUSETTS,
STATE OF NEW YORK, STATE OF TENNESSEE,
STATE OF TEXAS, COMMONWEALTH OF
VIRGINIA, and DISTRICT OF COLUMBIA, ex rel.
JOSEPH PIACENTILE,

      Plaintiffs,

 -against-

NOVARTIS AG, NOVARTIS OPHTHALMICS,
INC., and NOVARTIS PHARMACEUTICALS,
CORPORATION,

      Defendants.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 17 2011 ★
BROOKLYN OFFICE

ORDER

04-CV-4265 (NGG) (RLM)

NICHOLAS G. GARAUFIS, United States District Judge.

  On April 14, 2011, one of the defendants in this False Claims Act case, Novartis Pharmaceuticals Corporation ("NPC"), filed a letter motion seeking reconsideration of the court's order dated April 11, 2011. (Docket Entry # 103.) In that order, the court denied NPC's request for a pre-motion conference in anticipation of a motion to dismiss for lack of subject matter jurisdiction. (Docket Entry # 102.)

  Rule 60 of the Federal Rules of Civil Procedure sets out the grounds on which a party may seek relief from an adverse order or judgment. Although NPC does not cite to the Federal Rules, the only part of Rule 60 that could conceivably justify reconsideration of the Order is its catch-all provision, sub-section (b)(6).

  NPC's motion is DENIED. As the court stated in its previous order, resolution of NPC's

challenge to subject matter jurisdiction will likely require at least some discovery. This is because—regardless of how NPC elects to prove its defense—the relator will may counter that he is "an original source" of the publicly disclosed information, see 31 U.S.C. § 3730(e)(A), and evidence of this, if any, is not available exclusively in the public domain.

As the court further noted in the Order, NPC is not precluded from making a public disclosure argument in a motion for summary judgment. That remains the appropriate time to raise this defense.

SO ORDERED.

Dated: Brooklyn, New York
       November 14, 2011

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge

2